Garland Ray GREGORY, Jr.,
Petitioner and Appellant,

v.

STATE of South Dakota, Appellee.

No. 14307.

Supreme Court of South Dakota.

Considered on Briefs March 23, 1984.

Decided Aug. 29, 1984.

Michael A. Jackley of Jackley & Flint, Sturgis, for petitioner and appellant.

Jeffrey P. Hallem, Asst. Atty. Gen., Pierre, for appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

WOLLMAN, Justice.

Petitioner, Garland Ray Gregory, Jr., appealed the denial of his petition for post-conviction relief. We remanded to the circuit court for the entry of specific findings of fact and conclusions of law on whether petitioner had been advised of the nature of the charge and the consequences of his guilty plea and for a determination whether petitioner's guilty plea had been a voluntary and intelligent choice among alternative courses of action. *Gregory v. State*, 325 N.W.2d 297 (S.D.1982).

Upon remand, the trial court took no additional testimony nor received any additional argument but instead entered findings and conclusions based upon the record that had been made at the post-conviction hearing which had resulted in the order from which petitioner originally appealed. The trial court entered specific findings and conclusions to the effect that plaintiff had been informed of and understood the nature of the charges against him and the consequences of his plea and that his guilty plea to conspiracy to murder had been a voluntary and intelligent choice among the alternative courses of action open to him. The trial court then entered an order denying petitioner's claim for post-conviction relief.

Petitioner has once again appealed, contending that the trial court's findings of fact entered on remand are clearly erroneous. We affirm.

Petitioner was charged with conspiracy to commit murder and murder with premeditated design, the charges arising out of the shotgun slaying of one Michael Young on November 1, 1979. Following a preliminary hearing in November of 1979, petitioner appeared before the circuit court on December 12, 1979, with his two court-appointed attorneys and entered a plea of not guilty to both charges. Prior to the entry of the plea, the trial court had provided to petitioner and his counsel a form that outlined in specific detail petitioner's statutory and constitutional rights. Among its other provisions, this form included the following language:

(1) I understand that I have been charged by the Lawrence County, South Dakota, State's Attorney with the offenses of "Conspiracy to Commit Murder" and "Murder" arising out of the death of Michael Young on or about November 1, 1979.

(2) I understand that the maximum penalty for the offense of "Conspiracy to Commit Murder" is life imprisonment.

Referring to the form, the trial court engaged in the following colloquy with petitioner:

BY THE COURT: Mr. Gregory, did you sign this instrument voluntarily?

BY DEFENDANT GREGORY: Yes, I did.

BY THE COURT: And do you understand everything that was contained in it?

BY DEFENDANT GREGORY: Yes, I do.

In response to the trial court's inquiry whether counsel would like to have the information against petitioner formally read in open court, one of petitioner's attorneys replied, "[T]he Defendant, Gregory, would waive the reading of this Information."

On March 13, 1980, petitioner again appeared before the circuit court with his two court-appointed attorneys, whereupon the following proceedings took place:

BY THE COURT: The record should reflect that I was notified by Counsel yesterday, or the day before yesterday, that Mr. Gregory desired to appear before the Court to change a plea. Is that an accurate statement, Counsel?

. . . .

BY MR. SMIT: (one of petitioner's attorneys) That's correct, Your Honor.

BY THE COURT: Okay. Now, I further understand that the change of plea applies to Count I of the Information; is that correct? It's a conspiracy charge?

BY MR. WOLSKY: (petitioner's other attorney) That's correct, Your Honor.

. . . .

BY THE COURT: I understand further there is a plea bargain in this case, and before we talk about changing the plea, I want the plea bargain put of record.

. . . .

BY MR. WOLSKY: Your Honor, the plea arrangement is that we contacted the State's Attorney and in our discussions with him, he indicated that the only plea that he would accept was a plea to murder with a life sentence. We told the State's Attorney that this was unacceptable to Garland Gregory and that the only thing that he would consider pleading guilty to was the charge of conspiracy. And the State's Attorney agreed later that he would accept a plea to the crime of conspiracy but that it would only be if Garland Gregory was to receive a life sentence. And it was with that understanding that Mr. Gregory decided that he would plead to the conspiracy charge and we have so informed Mr. Gregory that the Court has indicated to us that he will be sentenced to a life sentence, and that this is also going to be what the State's Attorney will recommend.

BY THE COURT: Is that the extent of the plea bargain as you know it?

BY MR. WOLSKY: In addition to that, Your Honor, Mr. Gregory has agreed to talk to the State's Attorney and tell

him all of the facts and circumstances regarding this crime, and in specific, give him any information which he may have with regard to Ron Brumbaugh's involvement in this matter and, if necessary, testify as to those facts and circumstances at some future trial in the action of the State of South Dakota versus Ronald Brumbaugh.

BY THE COURT: Is that the extent, then, of the plea bargain?

BY MR. WOLSKY: That is, Your Honor.

. . . .

BY THE COURT: Mr. Gregory, you have heard the statement by your attorney and by the State's Attorney. Is that your understanding of the plea bargain?

BY THE DEFENDANT: Yes, sir.

BY THE COURT: And, Mr. Gregory, have you entered into that plea bargain with your attorney and the State's Attorney freely and voluntarily?

BY THE DEFENDANT: Yes, I have.

After establishing on the record that petitioner was fully aware of and understood his statutory and constitutional rights, the trial court accepted petitioner's plea of guilty to the charge of conspiracy to commit murder. The following exchange then took place:

BY THE COURT: [D]id you conspire with John Archambault to commit the murder upon Mr. Young?

BY THE DEFENDANT: Yes, I did.

BY THE COURT: Is there anything relating to the conspiracy charge that's been presented to the Court in the form of Preliminary Hearing testimony, testimony or statements of Counsel, or anything relating to the conspiracy charge that you dispute? (Off the record discussion between Counsel.)

BY THE DEFENDANT: I dispute the fact that I did not shoot Michael Young [sic], and I did not make an open agreement to shoot Michael Young to John Archambault. But I did carry on a conversation with him about that. But I didn't agree to it.

But I was involved in the conversation where it was mentioned.

BY THE COURT: Anything else you want to state to the Court as it pertains to that charge?

BY THE DEFENDANT: No, nothing else.

Having concluded in our opinion in the first appeal that an adequate factual basis existed to support the entry of petitioner's guilty plea, we need not concern ourselves with that issue on this appeal. Rather, we must determine whether petitioner was adequately informed of the essential elements of the offense of conspiracy to commit murder and whether he fully understood the nature of that offense prior to entering his guilty plea thereto.

SDCL 23A–7–4 provides in part that:

Before accepting a plea of guilty or nolo contendere a court must address the defendant personally in open court . . . and inform him of, and determine that he understands, the following:

(1) The nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law[.]

Petitioner contends that the trial court failed to inform him of the elements of the offense of conspiracy to commit murder and further failed to inform him that a sentence of life imprisonment precludes the possibility of parole.

At the outset, we must agree with petitioner that the record does not reveal that the trial court ever specifically outlined to petitioner the elements of the offense of conspiracy to commit murder. Accordingly, we must determine whether the record indicates that defendant was aware of the nature of the offense to which he entered a guilty plea and, if so, whether such a showing satisfies the requirements of SDCL 23A–7–4(1).

The post-conviction court found that petitioner and his court-appointed counsel appeared before a law-trained magistrate on November 5 (actually November 6), 1979,

at which time petitioner was advised of the nature of the charges against him and the consequences of a plea to those charges and the penalties for each of the charges. The court further found that petitioner appeared before a circuit court judge for a preliminary hearing on November 13 and 14, 1979, and was subsequently bound over to the circuit court for trial. The court then made findings with respect to the December 12, 1979, arraignment and not guilty plea proceedings, as well as the March 13, 1980, proceedings at which petitioner changed his not guilty plea to guilty of the charge of conspiracy to commit murder.

The post-conviction court concluded that the trial court had acted in substantial compliance with SDCL 23A–7–4(1) at the March 13, 1980, change of plea hearing.

In *Clark v. State*, 294 N.W.2d 916 (S.D. 1980), we held that the specific elements of the offense charged need not be explained to a defendant at the time a guilty plea is entered so long as an understanding of the nature of the charge is conveyed to the defendant. We followed *Clark* in *Quiver v. State*, 339 N.W.2d 303 (S.D.1983). In that case, the trial court had asked the defendant if he understood the nature of the crime, to which the defendant responded affirmatively. Additionally, the prosecuting attorney read the information aloud in the presence of the defendant. We concluded that the record revealed that an understanding of the charge had been conveyed to defendant within the meaning of SDCL 23A–7–4 and *McCarthy v. United States*, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969).

In *Henderson v. Morgan*, 426 U.S. 637, 645, 96 S.Ct. 2253, 2258, 49 L.Ed.2d 108, 115–116 (1975), the United States Supreme Court observed that

> [n]ormally the record contains either an explanation of the charge by the trial judge, or at least a representation by defense counsel that the nature of the offense has been explained to the accused. Moreover, even without such an express representation, it may be appro-

priate to presume that in most cases defense counsel routinely explain the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit.

In *Marshall v. Lonberger*, 459 U.S. 422, 437, 103 S.Ct. 843, 852–53, 74 L.Ed.2d 646, 661 (1983), the Court followed *Henderson* by saying, "[R]espondent must be presumed to have been informed, either by his lawyers or at one of the pre-sentencing proceedings, of the charges on which he was indicted." The Court took into account the fact of the defendant's intelligence and experience in the criminal justice system in holding in that case that the defendant had voluntarily entered a guilty plea.

We conclude that when viewed in the light of our holdings in *Clark* and *Quiver, supra,* and in view of the United States Supreme Court's decisions in *Henderson v. Morgan* and *Marshall v. Lonberger, supra,* the record in the instant case, when viewed in the totality of the circumstances, fairly supports the finding that petitioner understood the nature of the charges against him and that his guilty plea was accepted in compliance with both statutory and constitutional requirements.

We note that although petitioner was only nineteen years of age at the time he entered his guilty plea, he had been a student at Black Hills State College from June 4 to November 3, 1979. There is no indication in the record that he is anything other than a person of at least average intelligence and comprehension. He freely acknowledged at the post-conviction hearing that he believed that he had received the effective assistance of counsel.

█ In view of the fact he had been advised of the nature of the charges by a law-trained magistrate, was present during the preliminary hearing, and received the effective assistance of counsel, and in the light of defendant's responses to the trial court's questions, we conclude that the post-conviction court's finding that petitioner understood the nature of the charge of

conspiracy to commit murder at the time he entered his guilty plea is not clearly erroneous. This is not to say that we are fully satisfied with the record that was made by the trial court at both the December 12, 1979, arraignment and at the March 13, 1980, change of plea proceeding. SDCL 23A–7–4(1) is clear and direct in its terms. We strongly urge our trial courts to comply fully with the requirements of this statute. There is no reason to cut constitutional corners, especially in cases involving as serious a crime as that with which petitioner was charged.

 Petitioner contends that he was not made fully aware of the consequences of his guilty plea inasmuch as he was not informed of the fact that the imposition of a life sentence upon him precluded the possibility of his being released on parole. SDCL 24–15–4. We do not agree. Based upon the portions of the transcript that we have reproduced above, it is abundantly clear that defendant was fully aware of the fact that he would receive a life sentence upon entering a guilty plea to the charge of conspiracy to commit murder. We follow those decisions which have held that it is not necessary for a court to inform a defendant of the collateral consequences of a guilty plea, such as eligibility for parole, in order for a plea to be intelligently and voluntarily entered. *See, e.g., Johnson v. Dees*, 581 F.2d 1166 (5th Cir.1978); *Armstrong v. Egeler*, 563 F.2d 796 (6th Cir. 1977); *Fryer v. Scurr*, 309 N.W.2d 441 (Iowa 1981). *Cf. State v. Olesen*, 331 N.W.2d 75 (S.D.1983). This is not to say, of course, that the trial court should not inform a defendant of the provisions of SDCL 24–15–4.

Finally, we agree fully with the trial court's finding and conclusion that petitioner's guilty plea was a voluntary and intelligent choice among alternative courses of action. Petitioner testified at the post-conviction hearing that he had been told by his counsel that there was a ninety-nine percent chance that he would be found guilty of murder with premeditated design and a very high chance that he would receive the death penalty. Petitioner testified that he did not think that his counsel had misled him in this regard. Given the stark realities of that which lay before him, petitioner's guilty plea, entered after thorough consultation with his counsel, can only be said to have represented a voluntary and intelligent choice among the alternative courses of action open to him at the time. *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

The order denying post-conviction relief is affirmed.

All the Justices concur.