## 45882. CHERRY v. ABBOTT.
(371 SE2d 852)

GREGORY, Justice.

Petitioner, a black male, filed a writ of habeas corpus contending the state had exercised its peremptory strikes to exclude all black jurors from the panel selected to try his case, and therefore his convictions were in violation of *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986). *Batson* had not been decided at the time of petitioner's trial. [1] Petitioner's trial counsel made no objections to the state's use of its peremptory strikes against all three black members of the panel. In his petition for habeas corpus, petitioner also alleged that trial counsel was ineffective in failing to object to the use of the state's peremptory strikes in this manner.

The habeas court found initially that trial counsel had not been ineffective in failing to object to the use of the state's peremptory strikes because there was no evidence to show the state exercised these strikes in a racially discriminatory manner. The habeas court also found that since petitioner could have raised this claim at trial under the principles enunciated in *Swain v. Alabama*, 380 U. S. 202 (85 SC 824, 13 LE2d 759) (1965), he could not show that the "factual

---

[1] *Batson* was decided while petitioner's application for certiorari from his direct appeal was pending in this court.

or legal basis for [the] claim was not reasonably available to counsel," *Murray v. Carrier*, 477 U. S. 478, 488 (106 SC 2639, 91 LE2d 397) (1986), such as would establish cause for the procedural default within the meaning of *Black v. Hardin*, 255 Ga. 239, 240 (336 SE2d 754) (1985). The habeas court denied relief to petitioner. We granted his application for probable cause to determine whether a legal basis for the *Batson* claim was reasonably available to petitioner's counsel at trial.

In *Swain v. Alabama*, supra, the Supreme Court held that a defendant could make out a prima facie case of racial discrimination by the state in exercise of its peremptory strikes by showing that the peremptory challenge system was "being perverted" in this manner. 280 U. S. at 224. However, the Court held that in order to make out a prima facie case, the defendant must offer proof beyond the facts of his own case. Id. at 224-228.

In *Batson,* supra, the Court pointed out that "since the decision in *Swain,* this Court has recognized that a defendant may make a prima facie showing of purposeful racial discrimination in selection of the venire by relying solely on the facts concerning its selection *in his case,*" citing *Washington v. Davis*, 426 U. S. 229, 240 (96 SC 2040, 48 LE2d 597) (1976) and *Alexander v. Louisiana*, 405 U. S. 625 (92 SC 1221, 31 LE2d 536) (1972). *Batson v. Kentucky,* 476 U. S. at 95. (Emphasis in original.) *Batson* clarified the evidentiary standards necessary to make out a prima facie showing of discriminatory selection of the venire. We hold, therefore, that the legal basis for a *Batson* claim was reasonably available to petitioner at the time of his trial. See *Bowden v. Kemp*, 256 Ga. 70 (344 SE2d 233) (1986). He has not shown cause for the procedural default in failing to object to the state's use of its peremptory strikes. *Black v. Hardin*, supra. The habeas court did not err in denying his petition for relief.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 22, 1988.

James Cherry, *pro se.*
Michael J. Bowers, *Attorney General,* J. Michael Davis, Dennis R. Dunn, *Assistant Attorneys General,* for appellee.