[Crim. No. 5233.   Second Dist., Div. Two.   Dec. 9, 1955.]

THE PEOPLE, Respondent, v. SAMUEL D. COLLINS, Appellant.

Samuel D. Collins, in pro. per., and William Bronsten, under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

FOX, J.—This is a motion, filed by defendant in propria persona,* which is in the nature of a writ of *coram nobis* (*People* v. *Smith*, 120 Cal.App.2d 531, 534 [261 P.2d 306].) Defendant seeks to vacate sentences pronounced against him following his convictions in 1946 of abortion and homicide growing out of an illegal operation.   As a part of each count it was charged that defendant had suffered a prior conviction for abortion.   This allegation was true (see *People* v. *Collins,*

*This court appointed counsel to represent him in this proceeding.

4 Cal.App.2d 86 [40 P.2d 542]). Defendant appealed from the 1946 judgments and orders denying his motions for new trial. (See *People* v. *Emery,* 79 Cal.App.2d 226 [179 P.2d 843], and *People* v. *Collins,* 80 Cal.App.2d 526 [182 P.2d 585].) They were each affirmed and a hearing was denied by the Supreme Court in each case.

Defendant bases his motion on the theory that it was unlawful to charge the prior conviction and that it operated to his prejudice by increasing his minimum sentence from 9 to 15 years. His motion can not be granted.

█ As this court recently pointed out in a related proceeding (*People* v. *Collins,* 136 Cal.App.2d 756 [289 P.2d 302]), "*coram nobis* is a remedy of narrow scope." (*People* v. *Adamson,* 34 Cal.2d 320, 326 [210 P.2d 13] ; *People* v. *Sica,* 116 Cal.App.2d 59, 62 [253 P.2d 75].) The writ "is not intended to authorize any court to revise and review its opinions; but only to enable it to recall some adjudication made while some *fact* existed which, if before the court, would have prevented the rendition of the judgment, and which, without any fault or negligence of the party, was not presented to the court." (Emphasis added.) (*People* v. *Gilbert,* 25 Cal.2d 422, 442 [154 P.2d 657] ; *People* v. *McCoy,* 115 Cal.App.2d 565, 567 [252 P.2d 371] ; *People* v. *Smith, supra.*) █ As said in *People* v. *Tuthill,* 32 Cal.2d 819, 822 [198 P.2d 505], "the writ does not lie to correct errors of law." (*People* v. *Cook,* 97 Cal.App.2d 284, 285 [217 P.2d 498] ; *People* v. *Martinez,* 88 Cal.App.2d 767, 771 [199 P.2d 375].)

█ Defendant had an opportunity to raise the asserted illegality of the inclusion of his prior conviction in the several counts of the informations on his motions for a new trial and on his appeals. Those were the proper proceedings in which to present that isue. (*People* v. *McVicker,* 37 Cal.App.2d 470, 473 [99 P.2d 1110] ; *People* v. *Reid,* 195 Cal. 249, 253 [232 P. 457, 36 A.L.R. 1435].) By the present motion defendant is seeking a belated review of a question of law. *Coram nobis* does not lie for that purpose under the authorities cited above.

The motion is denied.

Moore, P. J., and Ashburn, J. pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.