The PEOPLE of the State of South Dakota in the Interest of D. M. L., a child.

No. 11892–a.

Supreme Court of South Dakota.

June 2, 1977.

Ronald E. Brodowicz, Asst. Public Defender, Rapid City, for appellant D.M.L.

Harry W. Christianson, Asst. Atty. Gen., Pierre, for respondent State of South Dakota; William J. Janklow, Atty. Gen., Pierre, on brief.

JONES, Circuit Judge.

About 4 a. m. on December 4, 1975, D.M.L. then 15½ years of age, ran into the office of a motel in Rapid City carrying a .22 rifle. Without provocation, he shot in the chest the nineteen-year-old girl who was night clerk. He aimed the rifle at her again, and she struggled with him. The girl was shot again during the struggle. After the girl screamed, D.M.L. dropped the rifle and fled. The girl then called the police, but before they arrived, D.M.L. returned to the office, hit the girl over the head, reloaded the rifle, and tried to get into the cash drawer but failed. He then dragged the girl behind a desk and ripped off her shirt and slacks. He took down his pants and had just gotten on top of her when the police arrived.

A petition was filed in juvenile court charging D.M.L. with shooting with intent to kill and rape. The State moved to transfer jurisdiction to the adult division of Circuit Court under SDCL 26–8–22.7 and 26–11–4.

At the transfer hearing, the State called three witnesses: the victim who testified about D.M.L.'s attacks on her; the police

officer who arrested D.M.L. in the motel office; and the chief court services worker, who testified regarding D.M.L.'s three prior contacts with juvenile court.

Appellant called ·the medical director of the South Dakota Human Services Center, who testified that D.M.L. was quite dangerous to society at that time, but that in his opinion D.M.L. could be rehabilitated in the juvenile system. The Superintendent of the State Training School and the Director of the South Dakota State Forestry Camp were also called to explain the programs at their institutions.

After the transfer hearing, D.M.L. was ordered transferred to answer the criminal charges as an adult, and he appeals.

■ This appeal was perfected prior to our decision in *People in Interest of L.V.A.,* 1976, S.D., 248 N.W.2d 864. Appellant brings this appeal as a matter of right, and no motion was made to dismiss the appeal. We adhere to the ruling made in *L.V.A.,* supra, that an appeal from a transfer order of the juvenile court is not a matter of right, but we will allow this appeal as a discretionary appeal from an intermediate order under SDCL 15–26–1(6).

■ Appellant's principal claim is that SDCL 26–8–22.7 and 26–11–4 are unconstitutionally vague, in that the statutes fail to set out the standards by which the transfer decision is to be made. Our decision in *L.V.A.,* supra, found the South Dakota statutes on juvenile transfer hearings meet all appropriate constitutional requirements, and we adhere to that decision.

■ Appellant also assigns as error the failure of the trial court to set out the findings of fact and conclusions of law upon which the court based its decision for transfer. The judge entered a "Decision and Order," in which he stated in substance: that the conduct of D.M.L. appeared to be a random act of violence, done in a manner calculated to grievously injure or possibly kill another human being without any cause or provocation; that he should be kept confined in a secure environment to protect society against the possibility of similar acts

in the future; that juvenile facilities are not sufficiently secure to protect society from this minor; and that satisfactory treatment and rehabilitative agencies would be available to the minor in the adult system; and D.M.L. was transferred to answer the charges as an adult.

*Kent v. United States,* 1966, 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84, held that " * * * it is incumbent upon the Juvenile Court to accompany its waiver order with a statement of the reasons or considerations therefor. We do not read the statute as requiring that this statement must be formal or that it should necessarily include conventional findings of fact. But the statement should be sufficient to demonstrate that the statutory requirement of 'full investigation' has been met; and that the question has received the careful consideration of the Juvenile Court; and it must set forth the basis for the order with sufficient specificity to permit meaningful review." 383 U.S. at 561, 86 S.Ct. at 1057, 16 L.Ed.2d at 97.

We find that the trial court's Decision and Order provided an adequate basis for review by this court.

■ We next consider whether the evidence presented at the transfer hearing was sufficient to support the court's decision. In *L.V.A.,* supra, this court set out some factors which it felt would be of assistance to trial courts in making their ultimate decision required by SDCL 26–11–4, namely, whether it would be contrary to the best interest of the child or of the public to retain jurisdiction over the child in juvenile court, after considering the circumstances of the crime and the amenability of the juvenile to treatment in the juvenile system. The listing of those factors was not intended by this court to reduce the discretion of the trial judge in transfer hearings, nor was it the intention to create a rigid or cumbersome procedure to be followed by the trial courts in all cases. It is not necessary that evidence be presented on all of these factors at each transfer hearing, or

that the trial court must make express findings on each factor.

We read *Kent*, supra, and *L.V.A.*, supra, and our South Dakota statutes as requiring a transfer hearing which complies with the requirements of due process and fair treatment for the juvenile, at which the trial court considers the circumstances of the crime and amenability of the juvenile to treatment in the juvenile system, and then makes a decision whether it would be contrary to the best interest of the child or of the public for the juvenile court to retain jurisdiction over the child. In making this decision, the trial court must set forth the basis for its order with sufficient specificity to permit a meaningful review. This may be done orally on the record following the transfer hearing, or it may be done by making and filing formal findings of fact and conclusions of law, or it may be done in a memorandum opinion, or the reasons may be incorporated into the transfer order itself, as was done in this case.

In our review of a trial court's decision, if the decision is based upon substantial evidence, and if the evidence is sufficient to justify the transfer, the decision will be affirmed. If not, as in *L.V.A.*, supra, the decision will be reversed. The decision of the trial court in this case is amply supported by substantial evidence.

The other assignments of error have been examined and found to be without merit.

Affirmed.

All the Justices concur.

JONES, Circuit Judge, sitting for ZASTROW, J., disqualified.