**STATE of Tennessee, Appellee,**

v.

**J.D. LINGERFELT, Appellant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

Dec. 18, 1984.

Permission to Appeal Denied by Supreme Court March 4, 1985.

William M. Leech, Jr., Atty. Gen. & Reporter, Wayne E. Uhl, Asst. Atty. Gen., Nashville, R. Jerry Beck, Asst. Dist. Atty. Gen., Blountville, for appellee.

J. Christopher Booth, Kingsport, for appellant.

OPINION

O'BRIEN, Judge.

This is an appeal from a decision of the Sullivan County Court denying relief on a writ of error coram nobis filed pro-se by J.D. Lingerfelt. The writ was dismissed without an evidentiary hearing upon a finding that the petition did not allege any grounds upon which relief should be granted.

The history of this litigation is lengthy and protracted. On September 14, 1978 appellant was convicted of murder in the second degree, aggravated assault, and use of a firearm in the commission of a felony. He received an effective sentence of life imprisonment plus five (5) years in the penitentiary. The judgment on the conviction was appealed to this Court. The history of the trial proceedings is set out in detail in the opinion of this Court affirming the trial court judgment.[1]

Defendant's retained trial counsel was suffering from a terminal illness at the time of the trial. More than sixty (60) days before the trial this lawyer's request was honored for the appointment of additional counsel to aid in representation of the defendant. Immediately after the trial defendant engaged the services of other counsel who represented him at a hearing on a motion for a new trial, and on appeal to this Court. Ultimately defendant was granted an application for permission to appeal to the Supreme Court of this State. This application was denied on June 21, 1982.

On August 3, 1983, the appellant filed a pro-se petition which he refers to as a "writ of error coram nobis". In dismissing the matter the trial judge referred to the petition as a motion for discovery. Counsel was appointed for petitioner to enable him to appeal from the trial court's judgment dismissing his petition.

T.C.A. § 40–26–105 provides for availability of the writ of error coram nobis to convicted defendants. In pertinent part this statute provides:

"There is hereby made available to convicted defendants in criminal cases a proceeding in the nature of a writ of error coram nobis, to be governed by the same rules and procedure applicable to the writ of error coram nobis in civil cases, except insofar as inconsistent herewith.... The relief obtainable by this proceeding shall be confined to errors dehors the record and to matters that were not or could not have been litigated on the trial of the case, on a motion for a new trial, on appeal in the nature of a writ of error, or in a habeas corpus proceeding. Upon a showing by the defendant that he was without fault in failing to present certain evidence at the proper time, a writ of error coram nobis will lie for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial...."

■ Assuming, for the purpose of analysis, that the petition filed in this cause could be considered as an application for a writ of error coram nobis, the trial court would be justified in denying the application. The petition raises nothing outside the record which would warrant relief. The issue of the competency of his trial counsel was litigated on his motion for new trial, on the appeal of his conviction proceedings, again on a post-conviction proceeding in the trial court, and once more on the appeal of that decision by this Court, with permission to appeal denied by the Supreme Court.

■ The petition filed actually seeks copies of defendant's trial counsel's hospital and medical records for a three year period preceding his death, a copy of the transcript of the preliminary hearing, and his trial, including closing arguments. The production of such records is not the office of a writ of error coram nobis, and the request substantiates the trial court's finding that the pleading was indeed a fishing expedition for matters already litigated on direct appeal and post-conviction. Moreover, all of the requested records, if available at all, were available to petitioner and his appellate counsel at the hearing of his motion for new trial. Petitioner has presented no basis for a hearing.

The records and files in this case conclusively show the trial judge ruled correctly and we affirm the judgment.

WALKER, P.J., and DWYER, J., concur.

**STATE of Tennessee, Appellee,**