**In the Matter of the Petition of Dean A. NILLES for a Writ of Error Coram Nobis.**

**No. 15549.**

Supreme Court of South Dakota.

Considered on Briefs May 22, 1987.

Decided Sept. 9, 1987.

Robert E. Mayer, Asst. Atty. Gen., Pierre, for appellee, State of South Dakota; Roger A. Tellinghusen, Atty. Gen., Pierre, on brief.

Michael E. Ridgway of Brady, Kabeiseman, Reade & Johnson, Yankton, for appellant, Nilles.

---

WUEST, Chief Justice.

Defendant, Dean Nilles, appeals the circuit court's denial of a writ of error coram nobis. We affirm.

In 1980, at the age of 14, defendant committed petty theft and burglary. These offenses resulted in a CHIN adjudication and defendant's placement in McCrossan's Boy's Ranch. In December, 1980, defendant made several runaways from McCrossan's. These runaways were marked by theft, burglary, and check forgery.

Defendant made several runaways in March, 1981, and in that same month, at the age of 15, defendant was adjudicated delinquent for burglary in the second degree. In May, 1981, while a runaway from McCrossan's, defendant committed grand theft auto, and he was again adjudged a delinquent child.

Defendant was placed with the Youth Forestry Camp in June, 1981. He was a runaway several times and was terminated there following charges of grand theft. Thereafter, defendant was committed to the South Dakota State Training School in October, 1981.

In March 1983, defendant was charged with grand theft. At that time, defendant was still a minor as defined by South Dakota law. The State, however, moved to transfer the proceedings to adult court for criminal prosecution. The circuit court granted the State's motion to transfer on April 1, 1983, stating:

The above entitled matter having duly come on for hearing on the 18th day of March 1983.... and the court having made inquiry into the matter, testimony having been received, and the Court being fully advised in the premises, it is hereby

ORDERED that the aforesaid alleged delinquent, Dean Nilles, be and hereby is transferred to adult court....

Defendant pled guilty pursuant to a plea agreement with the State and was sentenced to two years in the South Dakota State Penitentiary.

Defendant petitioned the circuit court for a writ of error coram nobis on March 28, 1986, noting the order transferring his juvenile case to adult court does not contain findings of fact as required by SDCL 26–11–4. Consequently, he claims the transfer order was not a valid transfer to circuit court and as a result the court lacked subject matter jurisdiction over him when it accepted his guilty plea. Defendant further claims since no official transcript of a transfer hearing can be found there is no recitation by the court for the reasons for the transfer. We have held a recitation in the transcript is sufficient. Interest of D.M.L., 254 N.W.2d 457 (S.D.1977).

Judge Connelly presided over defendant's hearing for a writ of coram nobis. He found all evidence showed the court conducted a transfer hearing. We agree.

Testimony at the writ hearing shows Judge Tapken, presiding judge in the original proceedings, and Steve Pier (Pier), defendant's court-appointed defense counsel, both made notes of a transfer hearing. Pier, as well as Dave Bergendahl, the court reporter, Doug Kettering, the prosecuting attorney, and Guy McNeeley, the court services worker, all testified they remembered a transfer hearing was held on March 18, 1983. In addition, the juvenile court file contains Pier's voucher for compensation, which shows Pier spent one-half hour at a transfer hearing on March 18, 1983. As previously noted, the language in Judge Tapken's transfer order stated a transfer hearing was held.

Although the transcript of the transfer hearing may have been misplaced or inadvertently destroyed, Pier testified that Judge Tapken stated his reasons for the transfer. Defendant does not challenge the sufficiency of Judge Tapken's grounds for transferring the case. Instead, the issue is whether the Court had jurisdiction to try him as an adult since findings of fact were not set forth in the transfer order as directed in SDCL 26–11–4, or recited in the transcript.

Judge Connelly held the filing of a valid and sufficient information in adult court conferred subject matter jurisdiction on the circuit court, and by appearing for the purpose of arraignment on the information and

by failing to move for dismissal of the information under SDCL 23A–8–2, defendant submitted himself to the jurisdiction of the circuit court and waived any jurisdictional defect in connection with the transfer order. The court further held the purpose of requiring findings of fact in a transfer order is not to confer jurisdiction but is to delineate the reasons for transfer with sufficient specificity to permit meaningful judicial review, and by pleading guilty to the crime charged, defendant waived any nonjurisdictional defect in the transfer order. We agree.

Under SDCL 26–11–4, if a circuit court finds that a child should be held for criminal proceedings, the court shall enter an order certifying to that effect, and the order "shall contain findings of fact upon which the court's decision is based." The purpose for these findings of fact is to allow this court meaningful review of the merits of the transfer. *People In Interest of D.M.L.*, 254 N.W.2d 457 (S.D.1977); *People In Interest of L.V.A.*, 248 N.W.2d 864 (S.D.1976). Courts can meet this purpose by reciting on the record the reasons for transfer. *See Interest of D.M.L., supra.*

■ We hold these findings of fact are not a prerequisite necessary to confer jurisdiction in the adult court. Any error connected with the omission of formal findings as to the reasons for transfer, whether they are missing from the order itself or anywhere else in the record, is nonjurisdictional. By pleading guilty, defendant waived all nonjurisdictional defects in the prior proceedings against him. *State v. Grosh*, 387 N.W.2d 503 (S.D.1986); *State v. Culton*, 273 N.W.2d 200 (S.D.1979).

■ Coram nobis will rarely be recognized as an appropriate remedy, except where its application is necessary to remedy a profound injustice. *Petition of Brockmueller*, 374 N.W.2d 135 (S.D.1985). We find no jurisdictional defect in this case, and no profound injustice warranting the issuance of coram nobis. We affirm.

MORGAN and MILLER, JJ., concur.

HENDERSON, J., specially concurs.

SABERS, J., concurs in result.

HENDERSON, Justice (specially concurring).

I concur in this proceeding. I wish to elaborate on my vote. South Dakota is not swimming alone in a sea of coram nobis. There are thirty-six states, the District of Columbia, and Puerto Rico, which have post-conviction remedies in the nature of coram nobis. They are: Alaska, Arizona, Arkansas, Colorado, Delaware, District of Columbia, Florida, Kansas, Idaho, Illinois, Indiana, Iowa, Kentucky, Louisiana, Maine, Maryland, Massachusetts, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Jersey, New Mexico, New York, North Carolina, North Dakota, Ohio, Oklahoma, Pennsylvania, Puerto Rico, Rhode Island, South Carolina, Tennessee, Vermont, Wisconsin, and Wyoming. Source: L. Yackle, *Postconviction Remedies* (1981 and 1987 Supp.), § 13, at 66–69 and 1987 Supp. § 13, at 20–22. Indeed, the writ of coram nobis is of rare nature. This ancient writ was recognized by the United States Supreme Court in the case of *United States v. Morgan*, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954).

In *Brockmueller*, cited in the majority opinion, this Court reincarnated the writ of error coram nobis in South Dakota. However, Justice Wollman, writing for the majority, expressed:

It will be the rare case indeed in which coram nobis will be recognized as the appropriate remedy. It will not be countenanced as merely another avenue of appeal, but will be limited to those cases, such as the one before us, when its application is necessary to remedy what would otherwise be a profound injustice.

*Brockmueller*, 374 N.W.2d at 139. Nilles, petitioner, was given a transfer hearing. He was transferred from juvenile court to criminal court after evidence was taken. Circuit Judge Tapken's Order explicitly reflects that a transfer hearing took place. Evidence in the coram nobis court overwhelmingly substantiates Judge Tapken's statement in his Order concerning the reali-

ty of a transfer hearing. Records in this state may be reconstructed unless a specific error or prejudice resulting from the failure to record and/or preserve records of the trial proceedings is demonstrated. *State v. Dupris*, 373 N.W.2d 446 (S.D. 1985). Therefore, there was a reconstruction here to ensure that Judge Tapken's written order truly reflected that this juvenile had a transfer hearing. The formality of entering findings of fact was not accomplished; however, although this is an error, it is not such an error that it rises to the level by which the writ of error coram nobis should be granted. We are not dealing with an invalid conviction; rather, we are dealing with an invalid procedure to the extent that the procedure was not recorded by expression on the printed page. Nilles, insofar as Judge Tapken's order is concerned, did not appeal the merits of that order nor ever collaterally attack same by appellate review. In other words, the merits of the transfer have not been attacked by Nilles as being wrongful. Hence, I cannot accept the proposition that in this case an ancient writ, now reincarnated in South Dakota, lie for a profound injustice.

Lastly, certainly there must be, other than the "profound injustice" generic consideration, a certain foundation for invoking this ancient writ. There is no error of irregularity or invalidity, in this case, suggesting that, if known at the time of trial by the trial court, rendition of the judgment would have been prevented. *See People v. Shipman*, 62 Cal.2d 226, 42 Cal.Rptr. 1, 397 P.2d 993 (1965). One further requirement for the issuance of the writ of coram nobis is that the error must not be put in issue at trial or passed upon by the trial court. *Spaulding v. United States*, 155 F.2d 919 (6th Cir.1946). *See Brockmueller*, 374 N.W.2d at 139 (Henderson, J., specially concurring) (where a collection of cases on this prerequisite is found). Surely, the trial court passed upon all those considerations vital to a transfer hearing. Coram nobis cannot be invoked to simply relitigate the original case. It is not an instrument of appeal. 49 C.J.S. *Judgments* § 312, at 563 (1947). It is for these reasons I specially concur and not for the reason

that petitioner Nilles entered a plea of guilty to the crime charged. My understanding of *Brockmueller* is that simply because a defendant has been convicted that this does not act as an impediment to bringing the ancient writ. Buttressing this statement, I allude to *State ex rel. Lopez v. Killigrew*, 202 Ind. 397, 174 N.E. 808, 74 A.L.R. 631 (1931), also cited in my special concurrence in *Brockmueller*, 374 N.W.2d at 140. It might well be that it is highly improper for a felony conviction to stand when it is based upon a void conviction, exactly as encompassed within *Brockmueller*, 374 N.W.2d at 138–39.

SABERS, Justice (concurring in result).

I concur in the result because coram nobis *was* the proper remedy, even if Nilles *was not* entitled to relief in this case.

The majority implies approval of the circuit court's holding that Nilles "waived any jurisdictional defect in connection with this transfer order" "by failing to move for dismissal of the information under SDCL 23A–8–2." If the transfer hearing were improper, no jurisdiction was obtained. Jurisdictional defects cannot be waived. *Petition of Brockmueller*, 374 N.W.2d 135 (S.D.1985); *Moeller v. Solem*, 395 N.W.2d 165, 166 (S.D.1986).