William W. RAMSEY,
Movant–Appellant,

v.

STATE of Missouri,
Respondent–Respondent.

No. 54158.

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 20, 1988.

William W. Ramsey, Ferguson, pro se.

William L. Webster, Atty. Gen., Carrie Francke, Sp. Asst. Atty. Gen., Jefferson City, for respondent-respondent.

REINHARD, Judge.

Movant appeals from the denial, without an evidentiary hearing, of his amended motion to vacate judgment. We affirm.

A jury convicted movant of leaving the scene of an accident in violation of § 577.060, RSMo 1986. Movant received a one year sentence which he began serving on April 2, 1986. We affirmed movant's conviction on direct appeal. *State v. Ramsey*, 710 S.W.2d 459 (Mo.App.1986).

Movant filed his original *pro se* Rule 27.26 motion on February 18, 1987; his amended motion to vacate the judgment was filed on March 26, 1987. On April 2, 1987, movant completed his one year sentence for leaving the scene of an accident, but remained in prison because of subsequent convictions.

The motion court concluded it had no jurisdiction to hear movant's Rule 27.26 motion because he had already completed the jail term for the sentence being challenged. The court treated the motion as a request for a writ of error *coram nobis*, but denied the request because movant did not "plead sufficient facts with particularity to constitute grounds for relief," and because he did not demonstrate prejudice.

■ On appeal, movant challenges the motion court's holding that his Rule 27.26 motion was moot. Movant contends that because he *filed* his motion while still serving the sentence for leaving the scene of an accident, the motion court erred in dismissing his motion.

In *Johnson v. State*, 614 S.W.2d 781 (Mo. App.1981), the movant had filed his original Rule 27.26 motion five months before the sentence he was challenging was due to expire. Nevertheless, we said: "Rule 27.26 is a postconviction remedy available only to those persons who are serving the sentence they seek to challenge. If the [movant] is not in custody for the judgment to be set aside, then the motion court is without jurisdiction to entertain a 27.26 motion ..." *Id.* at 782. (Citations omitted.) Thus, we agree that the motion court lacked jurisdiction to hear movant's Rule 27.26 motion.

Although relief under Rule 27.26 was inappropriate in this case, the motion court properly treated movant's motion as a petition for writ of error *coram nobis*. A motion seeking relief from an invalid sentence "is not to be determined by the name given to it, but rather upon the facts alleged and the relief sought, and ... 'a writ of error coram nobis is available to attack a judgment of conviction, even after the sentence thereunder has been served.'" *Peterson v. State*, 476 S.W.2d 608, 610 (Mo. 1972) (*quoting State v. Stodulski*, 298 S.W. 2d 420 (Mo.1957)). Movant contends the motion court erred in denying the petition, and it is this contention we now address.

■ *Coram nobis* is designed to correct errors of fact affecting the validity of original proceedings. *Arnold v. State*, 552 S.W.2d 286, 291 (Mo.App.1977); the error must be of the "most fundamental character," *U.S. v. Morgan*, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954); the writ will not lie if movant knew or through reasonable diligence should have known of the facts at the time of the original proceeding, *Arnold*, 552 S.W.2d at 291; the petition must allege with particularity facts showing a right to relief. *Id.*

■ When the error complained of is based on ineffective assistance of counsel, movant must allege facts showing both deficient performance of counsel, and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984), *Thomas v. State*, 736 S.W.2d 518, 519 (Mo.App.1987). Our review is limited to determining whether the findings, conclusions and judgment of the motion court are clearly erroneous. *Richardson v. State*, 719 S.W.2d 912, 915 (Mo.App. 1986).

■ In reviewing movant's motion to vacate judgment, we can find no merit in any of his claims. The critical flaw in movant's original motion, as well as in his amended motion, is the complete absence of facts showing a right to relief. The 13 claims in his original motion all relate to alleged errors made by trial counsel. For example, movant alleges his trial counsel was ineffective in that he failed to move to sup-

press an identification based on an allegedly illegal arrest. There are, however, no facts showing why the arrest was illegal. The other claims are similarly deficient.

The only factual material in the motion relates to witnesses movant claims his counsel should have called. This is the sort of factual information movant knew or should have known of at the time of trial. Movant makes no attempt to show otherwise, consequently relief in the form of *coram nobis* is unavailable.

█ Finally, the motion contains not a single indication of how movant was prejudiced by the alleged failures of his trial counsel. Many of his claims contain language similar to the following: "Movant will testify to the prejudice suffered from trial counsel's failure to [e.g. object]." Our cases require movant to be more forthcoming; the facts must appear in the motion, for without this initial screening, motion courts would be faced with the wasteful prospect of spending valuable time listening to evidence in cases of dubious merit.

The findings and conclusions of the motion court are supported by the record.

JUDGMENT AFFIRMED.

CRANDALL, P.J., and CRIST, J., concur.