1998 SD 106

**Garland Ray GREGORY, Jr.,
Applicant and Appellant,**

v.

**Joseph CLASS, Warden of the South
Dakota State Penitentiary,
Defendant and Appellee.**

No. 20182.

Supreme Court of South Dakota.

Considered on Briefs March 24, 1998.

Decided Sept. 9, 1998.

Lester Nies of Richards, Hood & Nies. P.C., Spearfish, for applicant and appellant.

Mark Barnett, Attorney General, Jeffrey P. Hallem, Assistant Attorney General, Pierre, for defendant and appellee.

KONENKAMP, Justice.

[¶ 1.] In this appeal, we must decide if the common law writ of coram nobis is available to review issues which were examined or could have been examined in a petitioner's earlier post-conviction proceedings. After state and federal habeas applications had been resolved against him, petitioner sought a writ of error coram nobis. Largely, he

alleged the same arguments that had either been adjudicated or could have been adjudicated in earlier proceedings. Because this special writ may only be used to remedy a profound injustice when a petitioner has no other available remedy, issues already decided or that could have been previously asserted cannot serve as a basis for coram nobis relief. We affirm the circuit court's dismissal.

## Facts

[¶ 2.] Garland Ray Gregory was charged with murder and conspiracy to commit murder in connection with the November 1, 1979, shotgun slaying of Michael Young. On November 6, 1979, Gregory, accompanied by counsel, appeared before a law-trained magistrate and was advised of the charges, the possible penalties, and the applicable constitutional and statutory rights. Gregory was bound over for trial on both charges after a preliminary hearing. He was later charged by information and appeared for an arraignment on December 12, 1979.

[¶ 3.] At the arraignment, the trial court gave Gregory a form outlining his statutory and constitutional rights. It informed him that (1) he was charged with the offense of conspiracy to commit murder and murder arising out of the death of Michael Young; (2) the maximum penalty for conspiracy to commit murder was life imprisonment; and (3) the penalty for murder was death or life imprisonment. Gregory told the court that he understood everything contained in the form. He pled not guilty.

[¶ 4.] After a codefendant decided to plead guilty, Gregory made a plea agreement with the State, and appeared before the circuit court for a change of plea hearing on March 13, 1980. The court canvassed Gregory regarding his understanding of his constitutional rights, the effect of a plea of guilty on those rights, whether his plea was voluntary, and whether he had been threatened, coerced, or otherwise improperly influenced. Gregory stated that his plea agreement was free and voluntary. The court, after a review of the entire file, including the codefendant's proceedings, concluded there was a sufficient factual basis to support Gregory's guilty plea to conspiracy to commit murder. He was sentenced to life imprisonment.

[¶ 5.] Gregory petitioned for post-conviction relief pursuant to SDCL ch 23A–34 on January 27, 1981. The circuit court denied the petition and Gregory appealed. We held that the trial court had a sufficient factual basis to accept Gregory's guilty plea, and that the court properly took judicial notice of the file for purposes of establishing a factual basis. *Gregory v. State*, 325 N.W.2d 297, 299 (S.D.1982)[*Gregory I*]. Gregory's plea of guilty was knowing, intelligent, and voluntary, despite his expressed concern over an element of the crime to which he was pleading guilty. We nonetheless remanded for entry of specific findings of fact and conclusions of law on whether he was advised of the nature and elements of the crime charged.

[¶ 6.] On remand, the court, without taking additional testimony or argument, entered specific findings and conclusions, ruling that Gregory had been informed of and understood the nature of the charges against him, the consequences of his plea, and that his plea had been a voluntary and intelligent choice among the alternatives open to him. From this decision, Gregory again appealed. We affirmed, holding that the existing record, when viewed in the totality of the circumstances, fairly supported the court's findings and conclusions. *Gregory v. State*, 353 N.W.2d 777, 780 (S.D.1984)[*Gregory II*]. We specifically rejected Gregory's argument that the trial court was required to advise him of the elements of the offense of conspiracy to commit murder for a valid plea to be entered as well as his contention that the guilty plea was invalid as he was not informed that the imposition of a life sentence precluded the possibility of parole.

[¶ 7.] Gregory then filed a habeas corpus petition in the United States District Court, alleging essentially the same issues he had raised in his state court post-conviction proceedings. The district court dismissed the petition, from which Gregory appealed to the Eighth Circuit Court of Appeals. In affirming, the Eighth Circuit, after setting forth a detailed summary of facts, rejected Gregory's assertion that his guilty plea was involuntary because he was not informed of the elements of the conspiracy to commit murder charge. *Gregory v. Solem*, 774 F.2d 309, 315

(8thCir.1985), *cert. denied*, 475 U.S. 1088, 106 S.Ct. 1475, 89 L.Ed.2d 730 (1986)[*Gregory III*]. The Court specifically concluded the record established that Gregory understood the elements of conspiracy. *Id.* at 315–17. Likewise rejected was Gregory's argument that it was impermissible for the trial court to rely on the preliminary hearing transcript to support a finding of a factual basis for the plea.

[¶ 8.] Gregory brought another state habeas attack on his conviction on November 25, 1986. He alleged that (a) his plea was not knowing, voluntary, and intelligent as he was not aware of all the elements of the offense to which he pled guilty; (b) his plea was not knowing, voluntary, and intelligent because he believed he could obtain parole from a life sentence; and (c) his attorney's representation was ineffective for failing to explain to him the nature of the offense charged against him, and for fostering his belief that he could be paroled from a life sentence.

[¶ 9.] The circuit court dismissed the application pursuant to SDCL 21–27–16.1, and Gregory appealed. We reversed and remanded, holding that Gregory should have been allowed to introduce evidence bearing on the issues raised in the amended application. *Gregory v. Solem*, 420 N.W.2d 362, 363–64 (S.D.1988)[*Gregory IV*]. On remand, the State again moved to dismiss, which was denied. Following an evidentiary hearing, the circuit court ruled against Gregory on the merits of his amended application. Both the State and Gregory appealed.

[¶ 10.] We held the circuit court erred in not granting the State's motion to dismiss because Gregory could not meet the cause and prejudice standard in failing to bring the issues in the current habeas action in the prior post-conviction proceedings. *Gregory v. Solem*, 449 N.W.2d 827, 832–33 (S.D.1989)[*Gregory V*]. Further, we stated the record clearly established that it was Gregory's intentional tactic to not raise ineffective assistance of trial counsel at the initial post-conviction proceeding. *Id.* at 831–32.

[¶ 11.] On September 28, 1994, Gregory filed a *pro se* application for writ of error coram nobis. On appointment of counsel, an amended application was filed, which contained eight separate points to support issuance of the writ:

(1) That the information regarding the conspiracy to commit murder charge was insufficient since it did not define the elements of conspiracy and thereby deprived the criminal trial court of jurisdiction;

(2) That the criminal trial court erred in taking judicial notice of the records in the file for establishing a factual basis for Gregory's guilty plea;

(3) That state and federal reviewing courts erred in not reversing Gregory's conviction for the criminal trial court's failure to inform Gregory of the specific elements of the offense of conspiracy to commit murder and obtaining Gregory's specific understanding of that charge prior to accepting his guilty plea;

(4) That the reviewing courts unconstitutionally applied a different standard of compliance in reviewing Gregory's claimed violation of SDCL ch. 23A–7;

(5) That Gregory's post-conviction counsel rendered ineffective assistance of counsel for failing to previously raise the improper taking of judicial notice of the preliminary hearing transcript for finding a factual basis for the plea;

(6) That Gregory's criminal trial counsel rendered ineffective assistance of counsel for allegedly coercing Gregory to plead guilty, maneuvering Gregory from testifying at the change of plea hearing; and persuading Gregory to recite a version of occurrences given by a codefendant, but reversing the blame;

(7) That the South Dakota Supreme Court erred in applying SDCL 21–27–16.1 as a procedural bar to Gregory's prior habeas corpus proceedings; and

(8) That it was cruel and unusual punishment to sentence Gregory to life imprisonment without the possibility of parole.

[¶ 12.] Both Gregory and the State moved for summary judgment. However, the circuit court determined that before reaching

the summary judgment motions, the threshold question of whether coram nobis relief was even available to Gregory must be decided. Gregory argued that coram nobis was his only recourse to remedy fundamental state and federal constitutional errors. On the other hand, the State maintained that the application belatedly sought another form of habeas relief. The circuit court entered its memorandum decision on June 4, 1997, dismissing Gregory's application. The court concluded that Gregory, as a matter of law, could not establish that other remedies had been unavailable or inadequate.

[¶ 13.] Gregory appeals on the following issues: (a) "Whether the trial court committed reversible error by dismissing his amended application for writ of error coram nobis?" (b) "Whether the trial court committed reversible error for failing to grant his motion for summary judgment?" (c) "Whether the trial court committed reversible error by denying his motion for new trial?" In view of our affirmance on the first issue, we need not address the other two.

### Analysis and Decision

#### 1. The Nature of Coram Nobis

[¶ 14.] The common law writ of *quae coram nobis resident,* "let the record remain before us," originated in the Sixteenth Century, thrived in both English and American jurisprudence, languished for a time in the federal courts, and revived with the Supreme Court's breakthrough decision in 1954. *United States v. Morgan,* 346 U.S. 502, 510–12, 74 S.Ct. 247, 252–53, 98 L.Ed. 248 (1954). *See generally* Frank, Coram Nobis (1953). Known now simply as "coram nobis," the writ has traditionally been used to present facts extrinsic to the record in circumstances where no other remedy was available. 3 W. LaFave & J. Israel, Criminal Procedure § 27.1(c), at 288 (1984). Its scope is extremely narrow. *People v. Goodspeed,* 223 Cal.App.2d 146, 35 Cal.Rptr. 743, 749 (1963). An elementary restriction to the writ is that it will not permit a new examination of questions previously determined. *People v. Shipman,* 62 Cal.2d 226, 42 Cal.Rptr. 1, 397 P.2d 993, 995 (1965) Nor may it be employed as an alternative for direct appeal or habeas corpus. *State v. Davis,* 515 N.W.2d 205, 208 (S.D.1994); *Bell v. State,* 518 So.2d 840, 843 (Ala.Crim.App.1987); *State v. Lingerfelt,* 687

S.W.2d 294, 295 (Tenn.Crim.App.1984); *Moody v. United States,* 874 F.2d 1575, 1576 (11thCir.1989); *Bruno v. United States,* 474 F.2d 1261, 1263 (8thCir.1973); *State v. Johnson,* 243 Neb. 758, 502 N.W.2d 477, 483 (1993); *Lopez v. Shulsen,* 716 P.2d 787, 788 n. 1 (Utah 1986); *Jessen v. State,* 95 Wis.2d 207, 290 N.W.2d 685, 688 (1980); *Ramsey v. State,* 767 S.W.2d 572, 573 (Mo.Ct.App.1988).

[¶ 15.] The writ "takes cognizance of new evidence only if it was discovered after entry of the judgment and could not have been discovered and produced during the period when a statutory remedy was available." Morgan Prickett, *The Writ of Error Coram Nobis in California,* 30 SantaClaraL.Rev. 1, 17–18 (1990). Any factual errors which have been, "could have been, or should have been reviewed" with another available remedy cannot be examined in coram nobis. *Id.* at 16; *see also Petition of Brockmueller,* 374 N.W.2d 135, 137 (S.D. 1985); *People v. Thomas,* 52 Cal.2d 521, 342 P.2d 889, 892, 893 (1959). On the other hand, facts incapable of being brought out earlier due to fraud or coercion may form the basis for coram nobis relief. *People v. Knight,* 73 Cal.App.2d 532, 166 P.2d 899, 900 (1946); Frank, supra, ¶ 3.01(e).

[¶ 16.] To note the availability of coram nobis in South Dakota, in *Brockmueller,* 374 N.W.2d at 137, this Court cited the Supreme Court's decision in *Morgan* as well as a host of federal cases. Yet the majority in *Brockmueller* never expressly stated that federal standards for the writ would be adopted in South Dakota. Today we are careful to distinguish the writ under state law. *Cf. Brockmueller,* 374 N.W.2d at 139–40 (Henderson, J., concurring specially)(citing coram nobis cases from California, Illinois, Kansas, Maine, New Jersey and New York, as well as federal decisions). Over the years since *Morgan,* federal courts have modified the scope of coram nobis to make it coextensive with motions under 28 U.S.C. § 2255 to vacate sentences. *United States v. Little,* 608 F.2d 296, 299 (8thCir.1979), *cert. denied,* 444 U.S. 1089, 100 S.Ct. 1053, 62 L.Ed.2d 777 (1980); Brendan W. Randall, *United States v. Cooper: The Writ of Error Coram Nobis and The Morgan Footnote Paradox,* 74

Minn.L.Rev. 1063, 1069 (1990). In fact, as the United States Supreme Court recently noted, § 2255 by design " 'restates, clarifies and simplifies the procedure in the nature of the ancient writ of error coram nobis.' *United States v. Hayman*, 342 U.S. 205, 218, 72 S.Ct. 263, 96 L.Ed. 232 (1952) (quoting the 1948 Reviser's Note to § 2255)." *Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 235, 115 S.Ct. 1447, 1461, 131 L.Ed.2d 328 (1995).[1] Furthermore, under federal practice the writ may assert an error of fact or law, but usually it can be invoked only when the petitioner is no longer in custody. *See* L. Yackle, *Postconviction Remedies* § 36, at 165 (1981); *Morgan*, 346 U.S. at 510–13, 74 S.Ct. at 252–53 (coram nobis relief available after release from custody); *United States v. Camacho–Bordes*, 94 F.3d 1168, 1172 n. 6 (8thCir.1996).

■ [¶ 17.] We continue to adhere more closely to the writ's original ambit:

> [J]urisdiction of a court to grant relief under [coram nobis] is of limited scope. Any proceeding which is challenged by the writ is presumed to be correct and the burden rests on its assailant to show otherwise.... Relief will be granted only when circumstances compel such action "to achieve justice."

*Davis*, 515 N.W.2d at 207 (citing *Brockmueller*, 374 N.W.2d at 137 (citations omitted)). With one significant exception, coram nobis deals only with errors of fact. The exception is that the writ can reach certain constitutionally significant errors like "jurisdictional defects."[2] *Brockmueller*, 374 N.W.2d at 138.

■ [¶ 18.] In summary, coram nobis is limited to reviewing a criminal conviction respecting some error in fact (or fundamental jurisdictional error), as opposed to an ordinary error in law, that without the fault of the petitioner was unknown at the time of the questioned proceedings, or unrevealed because of fraud or coercion, without which the judgment would not have been entered, and for which there is no other available remedy. *Id.* at 137; *State v. Cottingham*, 226 Neb. 270, 410 N.W.2d 498 (1987); Prickett, *supra*, at 66; Freedman, *The Writ of Error Coram Nobis*, 3 TEMPLQ 365, 366–67, 370–77 (1929)(footnotes omitted); Yackle, *supra*, § 36. Those seeking coram nobis relief must carefully study the procedural history of the case, "because past events exert a decisive control over which issues may or may not be raised ... [and trial records] have to be examined in order to ascertain whether a claim is barred by res judicata or collateral estoppel." Prickett, *supra*, at 24.

1. The special concurrence of Justice Sabers adheres to the broad language of *Brockmueller*, which by implication might incorporate § 2255 and confuse our rules for habeas corpus relief. It must be noted that in *Brockmueller* the Court merely repeated the language of *United States v. Morgan* without attempting to describe coram nobis under state law. *See* Robert R. Nelson, *Coram Nobis as a Post Conviction Remedy: Flight of the Phoenix?*, 32 S.D.L.Rev. 300 (1987)(criticizing *Brockmueller* as ambiguous because it failed to "expressly determine the character of the writ" or "identify or discuss the prerequisite grounds for the writ's application." *Id.* at 321. Although the article advocates that South Dakota adopt federal standards for the writ, it nonetheless contends that "expansive application and abuse of the writ is a very real possibility unless *Brockmueller* is limited or overruled."). Recently, even the United States Supreme Court seems to have taken a step back from *Morgan's* broad language. In *Carlisle v. United States*, 517 U.S. 416, 429, 116 S.Ct. 1460, 1467, 134 L.Ed.2d 613 (1996), the Court noted that coram nobis would not lie in that case because "it was traditionally available only to bring before the court *factual errors* 'material to the validity and regularity of the legal proceeding itself,' such as the defendant's being under age or having died before the

verdict." (emphasis added)(citing *United States v. Mayer*, 235 U.S. 55, 67–68, 35 S.Ct. 16, 19, 59 L.Ed. 129 (1914)). The *Carlisle* Court also quoted the oft cited language from *United States v. Smith*, 331 U.S. 469, 475 n. 4, 67 S.Ct. 1330, 1334 n. 4, 91 L.Ed. 1610 (1947):

> [I]t is difficult to conceive of a situation in a federal criminal case today where [a writ of coram nobis] would be necessary or appropriate.

*Id.*

2. One commentator noted:

> "Petitions based upon fundamental jurisdictional defects may be heard and granted, notwithstanding the fact that the judgment was affirmed on appeal or has otherwise become final. Exempted from the usual requirement that proof of errors of fact must be extrinsic to the record, a jurisdictional defect, such as the barring of an action by the statute of limitations, may be asserted even if the error appears on the face of the record. Similarly, lack of jurisdiction may be recognized in coram nobis even if the defect was known at the time of trial." Prickett, *supra*, at 31–32 (footnotes omitted).

■ [¶ 19.] In modern usage, the scope of coram nobis has receded with the advent of statutory remedies such as habeas corpus. It will rarely serve as an appropriate remedy, except where its use is necessary to right a profound injustice. *Petition of Nilles*, 412 N.W.2d 116, 118 (S.D.1987). Yet the writ's enduring spirit exposes "the ultimate recognition of fallibility in the adjudicatory process. Its very existence betokens our commitment to the principle that it is never too late to correct some injustices." Prickett, *supra*, at 78.

### 2. *Gregory's Coram Nobis Petition*

■ [¶ 20.] After the circuit court considered the prior state and federal proceedings in this matter, all of which were necessarily part of the record, the court dismissed Gregory's claim, reasoning that he was unable to show that other statutory remedies had been inadequate or unavailable. Further, the court declared that this was not the rare case in which coram nobis relief should be used to correct an injustice. In coram nobis proceedings summary denial is appropriate if a petitioner's allegations are inadequate to invoke the court's jurisdiction. *See People v. Reid*, 195 Cal. 249, 232 P. 457, 459 (1924), *overruled on other grounds by People v. Hutchinson*, 71 Cal.2d 342, 78 Cal.Rptr. 196, 455 P.2d 132, 135 (1969); *People v. Hemphill*, 265 Cal.App.2d 156, 71 Cal.Rptr. 397, 400 (1968). Ordinarily, we would review a grant or denial of coram nobis relief following an evidentiary hearing under the abuse of discretion standard. *State v. Scott*, 289 Ark. 234, 710 S.W.2d 212, 213 (1986); *People v. Trantow*, 178 Cal.App.3d 842, 224 Cal. Rptr. 70, 72–73 (1986). However, because the court dismissed the petition as a matter of law, we review the matter de novo. To decide whether the trial court correctly ruled that Gregory's petition states no basis upon which a claim for relief may be premised, we review each of his eight points.

■ [¶ 21.] Gregory's first claim of error, regarding a defective information charging conspiracy to commit murder, was not brought up in prior proceedings. Even if we agreed for argument's sake that this was a jurisdictional error, we do not believe it was fundamental. Errors in indictments and informations are ordinarily inadequate to merit relief under coram nobis. *Paxton v. State*, 565 S.W.2d 750, 752 (Mo.Ct.App. 1978); *Lewis v. State*, 93 So.2d 46, 48 (Fla.1956); *People v. Collins*, 137 Cal.App.2d 689, 290 P.2d 573, 574–75 (1955). Furthermore, both points should have been raised in Gregory's earlier proceedings. Petitioners for coram nobis relief must show that the matters on which they rely were not known to them and could not in the exercise of diligence have been discovered at an earlier time. The settled law regarding the sufficiency of an information is neither novel nor complex. Under South Dakota law, an indictment or information is sufficient if it employs the language of the appropriate statute or its equivalent. *State v. Kleinsasser*, 436 N.W.2d 279, 281 (S.D.1989)(citing *State v. Reutter*, 374 N.W.2d 617 (S.D.1985)); *State v. Mouttet*, 372 N.W.2d 121 (S.D.1985). Accordingly, Gregory's first point of claimed error fails.

■ [¶ 22.] Gregory next claims in points two and five that the criminal trial court erred in taking judicial notice of the records in the file to establish a factual basis for his plea, and that his post-conviction attorney rendered ineffective assistance in failing to raise the issue before. In *Gregory I*, 325 N.W.2d at 298–99, we specifically found that the trial court substantially complied with SDCL 23A–7 in establishing the factual basis for the plea. Further, we concluded that even though the court did not make the preliminary hearing transcript part of the record, the transcript was part of the case file of which the court had judicial notice as fully as though introduced into evidence. *Id.* at 299. As there was no error in the taking of judicial notice, there can be no claim of ineffective assistance of counsel. Our decision in *Gregory I* will not permit reexamination of points two and five under coram nobis.

■ [¶ 23.] Points three and four assert that the state and federal reviewing courts erred in ruling against Gregory. *See Gregory II*, 353 N.W.2d at 780; and *Gregory III*, 774 F.2d at 313–16. We view these claimed errors as pure legal questions, not amenable to coram nobis, and conclusively decided in earlier proceedings.

[¶ 24.] In point six Gregory asserts that his criminal trial counsel rendered ineffective assistance. This issue was dispositively addressed in *Gregory V,* 449 N.W.2d at 832–33, in which we stated that as a matter of law Gregory could not meet the cause and prejudice test set forth under SDCL 21–27–16.1 to excuse his failure for not raising this claim in prior proceedings. Our decision in *Gregory V* forecloses Gregory from relitigating the issue now.

[¶ 25.] Gregory maintains in point seven that we erred in applying SDCL 21–27–16.1 in *Gregory V.* This statute provides that:

All grounds for relief available to a petitioner under this chapter shall be raised in his original, supplemental or amended application. Any ground not raised, finally adjudicated or knowingly and understandingly waived in the proceedings resulting in his conviction or sentence or in any other proceeding that the applicant has taken to secure relief from his conviction, or sentence, may not be the basis for a subsequent application, unless the court finds grounds for relief asserted which for reasonable cause were omitted or inadequately raised in the original, supplemental or amended application.

In *Gregory V,* we adopted the "cause and prejudice" test set forth by the United States Supreme Court in *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), *reh. denied,* 434 U.S. 880, 98 S.Ct. 241, 54 L.Ed.2d 163 (1977), for determining "reasonable cause." In *Murray v. Carrier,* 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986), the United States Supreme Court stated:

[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some *objective factor external to the defense* impeded counsel's efforts to comply with the State's procedural rule.

*Id.* (emphasis added). From our independent review of the record, it is clear that Gregory presented no reasonable cause for failing to raise ineffective assistance of counsel in his original post-conviction proceeding. Moreover, ineffective assistance claims are not usually cognizable in coram nobis proceedings. *People v. Soriano,* 194 Cal.App.3d 1470, 240 Cal.Rptr. 328, 333 (1987).

[¶ 26.] Finally, Gregory maintains in point eight that it was cruel and unusual to sentence him to life imprisonment without possibility of parole. We do not believe coram nobis covers issues of cruel and unusual punishment. Moreover, the question is now being raised for the first time when it could have been heard in earlier proceedings.

[¶ 27.] Affirmed.

[¶ 28.] AMUNDSON, and GILBERTSON, JJ., concur.

[¶ 29.] SABERS, J., concurs specially.

[¶ 30.] MILLER, C.J., deeming himself disqualified, did not participate.

SABERS, Justice (concurring specially).

[¶ 31.] I fully agree that we should affirm the circuit court's dismissal.

[¶ 32.] I write specially to note that the majority opinion seems to unduly narrow the circumstances under which coram nobis is the appropriate remedy. This is contrary to the letter and spirit of coram nobis as expressed by Justice Wollman in *In re Brockmueller,* 374 N.W.2d 135, 137, 138–39 (S.D. 1985):

Generally, this extraordinary writ is only available to attack convictions involving collateral legal disadvantages which survive the satisfaction of a sentence.

. . .

The state further argues that coram nobis is inapplicable in this case as the writ is available to redress only errors of fact and not of law. We hold, however, that coram nobis encompasses legal errors of constitutional significance such as jurisdictional defects....

The error presented in this case is of the fundamental nature contemplated by coram nobis. To allow a felony conviction to stand when it is based upon void convictions would be an injustice of the first magnitude.

(Wollman, J., delivering the majority opinion) (citations omitted); *accord State v. Davis,* 515 N.W.2d 205, 208–09 (S.D.1994) (Sabers, J., dissenting); *In re Nilles,* 412 N.W.2d 116, 119 (S.D.1987) (Sabers, J., concurring in re-

sult); *Moeller v. Solem*, 395 N.W.2d 165, 166 (S.D.1986) (Sabers, J., concurring specially).