# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
July 20, 2010 Session

## STATE OF TENNESSEE v. GEROME J. SMITH

**Direct Appeal from the Criminal Court for Sumner County**
**No. 330-1998      C.L. Rogers, Judge**

---

**No. M2009-01144-CCA-R3-CD - Filed August 31, 2010**

---

The Petitioner, Gerome J. Smith, was convicted of first degree murder and sentenced to life imprisonment. In May 2008, the Petitioner filed a petition for a writ of error coram nobis, in which he alleged the existence of newly discovered evidence. The trial court dismissed the petition based upon the one-year statute of limitations. On appeal, the Petitioner contends the dismissal was an unconstitutional denial of his right to due process. After a thorough review of the record and applicable law, we affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, delivered the opinion of the Court, in which JERRY L. SMITH and ALAN E. GLENN, JJ., joined.

Lance B. Mayes, Nashville, Tennessee; for the Appellant, Gerome J. Smith.

Robert E. Cooper, Jr., Attorney General and Reporter; Michael E. Moore, Solicitor General; Clark B. Thornton, Assistant Attorney General; Lawrence Ray Whitley, District Attorney General, for the Appellee, State of Tennessee.

## OPINION
### I. Background

In our opinion on the Petitioner's previous appeal, this Court summarized the underlying facts as follows:

> During the early morning hours of February 23, 1995, officers of the Gallatin Police Department were conducting an investigation of three shooting incidents over a two-hour period. During the investigation, police found the

deceased victim, Chuckie Vaughn, who had been shot to death. He had six wounds. A loaded shotgun and several unfired shotgun shells lay near the victim. There was no evidence that the shotgun had been fired but .22 caliber shell casings were discovered within 30 feet of the victim. There were no signs of a struggle. Sherita Bennett told police that she had seen the [P]etitioner in the area of South Blakemore and Church Streets during the very early morning hours. About a week later, a .22 caliber rifle tied to a rock was found in Town Creek.

The [P]etitioner immediately became a suspect after the shooting. Ultimately, he admitted to killing the victim and an audiotape of his statement to police was played for the jury at the trial.

The [P]etitioner stated to police that he shot the victim from about 50 yards away with a .22 caliber rifle and was not sure whether he had struck him or not. The [P]etitioner claimed that at the time of the shooting, the victim was firing shots towards another residence. The [P]etitioner admitted that he was hidden just before he fired the shots. He claimed self-defense, explaining that if he had run, the victim would have shot him in the back. In a separate, unrecorded statement, the [P]etitioner told Detective Hilgadiack that he and the victim had been involved in a shootout earlier in the evening.

*Gerome Smith v. State*, No. M1999-02511-CCA-R3-PC, 2000 WL 1278374, at *1-2 (Tenn. Crim. App., at Nashville, Aug. 31, 2000), *perm. app. denied* (Tenn. Mar. 5, 2001).

On May 30, 2008, the Petitioner filed a petition for a writ of error coram nobis. The petition alleged the existence of newly discovered evidence "that was never presented to the [trial] courts by his Attorney." This evidence consisted of police reports, which the Petitioner maintains showed police violated his right against self-incrimination and, thus, rendered his confession inadmissible. The Petitioner contends that, without this confession, the State would not have had sufficient evidence to convict him. The Petitioner attached the police report, which contained the police officer's summary of the Petitioner's confession, to his petition and highlighted the following portion of the report:

I ask[ed] [the Petitioner] to tell me the truth[,] what happened and he stated he would after he talked with the attorney. I told [the Petitioner] that was his right[] but that an attorney would tell him not to make any statements.

The State responded to the petition for a writ of error coram nobis with a motion to dismiss, asserting that the petition was filed outside the statute of limitations. The trial court

held a hearing on April 20, 2009. At this hearing the State argued that the petition was filed well outside the one-year statute of limitations, and, because no due process reason for tolling the statute existed, it should be dismissed. The Petitioner, who was appointed counsel after he filed his original coram nobis petition, requested the trial court to grant him a continuance in order for his counsel to amend his petition. After the hearing, the trial court issued an order granting the State's motion and dismissing the petition because it was filed outside the statute of limitations.

## II. Analysis

A writ of error coram nobis is available to a defendant in a criminal prosecution. T.C.A. § 40-26-105(a) (2006). The decision to grant or to deny a petition for the writ of error coram nobis on its merits rests within the sound discretion of the trial court. *State v. Ricky Harris*, 301 S.W.3d 141, 144 (Tenn. 2010) (hereinafter "*Harris II*") (citing *State v. Vasques*, 221 S.W.3d 514, 527-28 (Tenn. 2007)). Tennessee Code Annotated section 40-26-105(b) provides, in pertinent part:

> Upon a showing by the defendant that the defendant was without fault in failing to present certain evidence at the proper time, a writ of error coram nobis will lie for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial.

A writ of error coram nobis is an "extraordinary procedural remedy," filling only a "slight gap into which few cases fall." *State v. Mixon*, 983 S.W.2d 661, 672 (Tenn. 1999); *State v. Workman*, 111 S.W.3d 10, 18 (Tenn. Crim. App. 2002). As previously noted by our Court, "the purpose of this remedy 'is to bring to the attention of the [trial] court some fact unknown to the court, which if known would have resulted in a different judgment.'" *State v. Hart*, 911 S.W.2d 371, 374 (Tenn. Crim. App. 1995) (quoting *State ex rel. Carlson v. State*, 407 S.W.2d 165, 167 (Tenn. 1996)).

A petition for a writ of error coram nobis should provide: (a) the grounds and the nature of the newly discovered evidence; (b) why the admissibility of the newly discovered evidence may have resulted in a different judgment if the evidence had been admitted at the previous trial; (c) that the Petitioner was without fault in failing to present the newly discovered evidence at the appropriate time; and (d) the relief sought. *Hart*, 911 S.W.2d at 374-75. Affidavits should be filed in support of the petition or at some point in time prior to the hearing. *Id.* at 375.

The grounds for seeking a petition for writ of error coram nobis are not limited to specific categories, as are the grounds for reopening a post-conviction petition. Coram nobis claims may be based upon any "newly discovered evidence relating to matters litigated at the trial" so long as the petitioner also establishes that the petitioner was "without fault" in failing to present the evidence at the proper time. Coram nobis claims therefore are singularly fact-intensive. Unlike motions to reopen, coram nobis claims are not easily resolved on the face of the petition and often require a hearing.

*Harris v. State*, 102 S.W.3d 587, 592-93 (Tenn. 2003) (hereinafter "*Harris I*").

The statute of limitations for seeking a writ of error coram nobis is one year from the date the judgment becomes final in the trial court. T.C.A. § 27-7-103; *Harris II*, 301 S.W.3d at 144; *Mixon*, 983 S.W.2d at 671. The statute of limitations is computed from the date the judgment of the trial court becomes final, either thirty days after its entry in the trial court if no post-trial motions are filed, or upon entry of an order disposing of a timely filed, post-trial motion. *Harris II*, 301 S.W.3d at 144 (citing *Mixon*, 983 S.W.2d at 670). Whether a claim is barred by an applicable statute of limitations is a question of law, which we review de novo. *Id.* (citing *Brown v. Erachem Comilog, Inc.*, 231 S.W.3d 918, 921 (Tenn. 2007)). We construe the coram nobis statute of limitations consistently with the longstanding rule that persons seeking relief under the writ must exercise due diligence in presenting the claim. *Id.* (citing *Mixon*, 983 S.W.2d at 670). The State bears the burden of raising the bar of the statute of limitations as an affirmative defense. *Id.* (citing *Harris I*, 102 S.W.3d at 593).

The Petitioner was convicted by a jury and sentenced to life imprisonment on April 3, 1996. According to the Petitioner's petition, his motion for a new trial was dismissed on May 29, 1996. Thus, the judgment became final on June 28, 1996, and the Petitioner had until June 28, 1997, to file his petition within the statute of limitations. The Petitioner filed the petition for a writ of error coram nobis on May 30, 2008. The parties do not dispute that the statute of limitations, if not tolled, expired many years before the filing of the instant petition.

The State properly raised the statute of limitations in the trial court. The trial court held a hearing on the State's motion to dismiss, and, after hearing from both parties, the trial court issued an order dismissing the Petitioner's petition for writ of error coram nobis:

[T]he Court finds that the motion should be granted and that . . . the Writ of Error Coram Nobis was dismissed based upon the statute of limitations as filed at the request of the State of Tennessee's District Attorney's Office. The essence of their motion was that the Writ of Error Coram Nobis was not

-4-

properly filed. During this hearing, counsel for [the Petitioner] asked for leave to amend his Writ and in addition, opposed the motion for dismissal citing certain case law. After the Court, having heard this[,] it granted the State's request for dismissal based on the statute of limitations. Further, the Court did not actually hear [the Petitioner's] Writ of Error Coram Nobis as it was dismissed pursuant to the motion.

The Petitioner contends that the trial court improperly dismissed the petition without an evidentiary hearing. We first note that this Court has repeatedly held that, in general, trial courts are not required to hold evidentiary hearings when the petition for a writ of error coram nobis fails to meet the necessary prerequisites to file for such relief. *See State v. Lingerfelt*, 687 S.W.2d 294, 295 (Tenn. Crim. App. 1984); *Cole v. State*, 589 S.W.2d 941, 943 (Tenn. Crim. App. 1979)*; see also State v. Johnny L. McGowan*, No. M2007-02681-CCA-R3-C0, 2008 WL 4170273, at *3 (Tenn. Crim. App. Aug. 5, 2008), *perm. app. denied* (Tenn. Oct. 27, 2008). Since the Petitioner has not asserted his claim within the time allowed by the statute of limitations, we must now consider whether he has demonstrated that he is entitled to a tolling of the statute of limitations.

In *Workman,* our Supreme Court held that due process considerations may require tolling of the statute of limitations for a writ of error coram nobis. 41 S.W.3d at 101. These due process considerations are based upon the principle that "before a state may terminate a claim for failure to comply with procedural requirements such as statutes of limitations, due process requires that potential litigants be provided an opportunity for the presentation of claims at a meaningful time and in a meaningful manner." *Burford v. State*, 845 S.W.2d 204, 208 (Tenn. 1992). Our Supreme Court has instructed that in determining whether due process requires the tolling, a court must weigh a petitioner's interest in presenting a late-arising ground for relief against the State's interest in preventing stale and groundless claims. *Harris II*, 301 S.W.3d at 145. In balancing these interests, a court should utilize a three-step analysis:

> (1) determine when the limitations period would normally have begun to run;
>
> (2) determine whether the ground for relief actually arose after the limitations period would normally have commenced; and
>
> (3) if the grounds are "later-arising," determine if, under the facts of the case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim.

*Id.* (quoting *Sands v. State*, 903 S.W.2d 297, 301 (Tenn. 1995)).

In the present case, we have already determined that the limitations period would have begun to run on June 28, 1996, and expired on June 28, 1997, almost eleven years before the Petitioner filed his 2008 petition for writ of error coram nobis. Next, in determining whether the Petitioner's grounds for relief arose after the limitations period normally would have commenced, we examine the narrative the Petitioner relies upon in his petition. This narrative contains the police officer's summary of the Petitioner's confession as well as his conversation with the Petitioner that led to the confession. This dialogue between the police officer and the Petitioner was necessarily known to the Petitioner at the time it occurred as he was a participant in the dialogue. Therefore, Petitioner's ground for relief is not "later-arising" and does not require the tolling of the statute of limitations. Because the claims are not "later-arising," we do not reach the third step in the analysis, namely whether the delay was reasonable. We conclude that the Petitioner failed to demonstrate that he was entitled to a tolling of the statute of limitations. *See Workman*, 41 S.W.3d at 101. Thus, we conclude that the trial court properly dismissed the Petitioner's untimely petition for a writ of error coram nobis relief without holding an evidentiary hearing. *See Lingerfelt*, 687 S.W.2d at 295. The Petitioner is not entitled to relief.

### III. Conclusion

Based upon the foregoing and the record as a whole, we affirm the judgment of the trial court.

_____

ROBERT W. WEDEMEYER, JUDGE